UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES R. GRACIE & SONS, INC., | Case No.: 1:18-cv-9576 |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| FRONTGATE MARKETING, INC. AND CORNERSTONE BRANDS LIMITED, | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| Defendants. | |

Plaintiff CHARLES R. GRACIE & SONS, INC. d/b/a Gracie, Inc. ("Gracie") by its attorneys, Venable LLP, as and for its Complaint against Defendants FRONTGATE MARKETING, INC. ("Frontgate") and CORNERSTONE BRANDS LIMITED ("Cornerstone") (Frontgate and Cornerstone collectively referred to herein as "Defendants") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. Plaintiff Gracie is a fourth generation family-owned business known for its exquisite handpainted wallpaper designs. Defendant Frontgate is an online retailer of home furnishings. Defendant Cornerstone is Frontgate's parent corporation. This action arises out of Defendants' unauthorized, willful reproduction and sale of Plaintiff's copyrighted wallpaper design.

2. Below, top, is an example of Plaintiff's original wallpaper design. Below, bottom, is an example of the infringing work being sold by Defendants. It is readily apparent that the two works are not only substantially similar, they are almost identical. Accordingly, Plaintiff seeks injunctive and monetary relief, including statutory damages and attorneys' fees, under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.* (the "Copyright Act").

1





## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Gracie is a corporation organized and existing under the laws of the State of New York, having its principal place of business in New York, New York.

4. Upon information and belief, Defendant Frontgate is a Delaware corporation with its principal place of business in West Chester, Ohio. Upon information and belief, Frontgate has both continuous and systematic contacts with the State of New York.

5. Upon information and belief, Defendant Cornerstone is a Delaware corporation with its principal place of business in West Chester, Ohio. Upon information and belief, Cornerstone is Frontgate's parent corporation, and has both continuous and systematic contacts with the State of New York.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because this action arises under the Copyright Act.

7. This Court has personal jurisdiction over the Defendants because each Defendant regularly transacts or solicits business in New York, has committed a tortious act in New York, and/or has committed a tortious act that has caused damage to the Plaintiff in this state.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1400(a) and 1391(a)-(b).

## STATEMENT OF FACTS

**Gracie's Long History of Exquisite Wallpaper Design**

9. Plaintiff Gracie, a fourth generation family business, was founded by Charles R. Gracie in 1898. In the 1930s, Charles Gracie was one of the first people to import handpainted wallpaper from China. To this day Gracie is known for its exquisite handpainted wallpaper designs. Gracie's designs have garnered recognition around the world and have been used by top tier designers and firms such as McMillen and Elsie de Wolfe. The proprietary Gracie name has

been used in association with Gracie's fine wallpaper designs and authorized products for over one hundred years.

10. Gracie wallpaper has been prominently featured in thousands of design and lifestyle publications including *Architectural Digest*, *Veranda*, *Traditional Home*, *Better Homes and Gardens*, *Metropolitan Home*, *Vogue*, *Town & Country*, *World of Interiors*, *Elle Décor*, *Robb Report*, *Vanity Fair*, and *The New York Times*.

11. Gracie has been widely credited among designers and the public with making handpainted Chinese wallpaper an important and valued component of American interior design.

**The Development of Gracie's Copyrighted "Caroline Street" Design**

12. Gracie's hand-painted wallpaper panels typically measure three feet by ten feet and can take anywhere from 75 to 100 hours apiece to complete. Under the direction of Jennifer and Michael Gracie, in or about 1999, Gracie produced an original handpainted wallpaper panel designed specifically for the Gracie family home in Florida. The original design drew on ideas from traditional Chinese wallpaper designs, such as trees, birds, flowers and butterflies, but depicted these elements in an original way and with a unique arrangement, which includes a white crane and two black and white birds perched in the gnarled branches of a white flowering tree, while two other birds and three yellow butterflies with black-tipped wings swoop and flutter around them. All of the colors in the design, including the custom antiqued pale blue background, were selected to harmonize with other interior design elements of the Gracies' family home. Jennifer and Michael Gracie dubbed this unique design "Caroline Street" (the "Caroline Street Design"), a reference to the street on which the family home was located.

13. Thereafter, Gracie made handpainted reproductions of the Caroline Street Design available for sale to the public. Gracie advertised and marketed the Caroline Street Design as Product Number SY-205, a "[h]andpainted Chinese scenic wallpaper on a pieced 18th century

4

style antiqued pale blue ground, panel size: 3' wide by 10' high." The Caroline Street Design immediately garnered praise from collectors and designers around the world and became a signature Gracie product.

14. In or about 2008, siblings Jennifer and Michael Gracie became the fourth generation of Gracies to lead the family business.

15. On or about December 8, 2009, Gracie obtained a copyright registration for the Caroline Street Design (also known by its product number, as the "SY-205 Design") with the United States Copyright Office, Registration Certificate Number VAu000997250, with an effective date of registration of August 12, 2009. An image of the Caroline Street Design, as registered, appears below:



5

16. The Caroline Street Design is one of the most recognizable wallpaper designs produced by Gracie. In or about January 2014, Gracie produced a "triptych" (three-paneled) reproduction of the Caroline Street Design for the home of its clients Brooke and Steve Giannetti, called Patina Farm, in Ojai, California. Photographs of the triptych appear below:





17. The Giannettis are themselves renowned interior designers. A photograph of the Giannettis' living room, featuring the Caroline Street Design was included in the February 2015 issue of *Veranda* magazine, the Caroline Street Design featured prominently in the Gianettis' book, *Patina Farm* (published in 2016), is displayed on the Giannettis' website at www.giannettihome.com, is also displayed on the Gracie website at www.graciestudio.com, and was reproduced in many other publications and websites around the world, including but not

limited to the March 2013 issue of *Taste of Life* magazine, the March-April 2013 issue of *D Home* magazine, the May 2014 issue of *Paper City Dallas*, the November 2015 issue of *Architectural Digest*, the February 2015 issue of *Architectural Digest*, and the January-February 2016 issue of *Luxe Magazine*.

**Frontgate's Infringement of the Caroline Street Design**

18. Frontgate is an online home furnishings retailer. According to its website at www.frontgate.com, it also operates brick and mortar stores in Arizona, Georgia, North Carolina, Ohio and Texas.

19. Upon information and belief, Frontgate is a subsidiary of Cornerstone, which "is comprised of interactive, aspirational home and apparel lifestyle brands including Frontgate, Ballard Designs, Garnet Hill, Grandin Road and Improvements." http://www.hsni.com/cornerstone.cfm. Cornerstone in turn is part of HSN, Inc., a $3.5 billion interactive multichannel retailer that also includes HSN (the Home Shopping Network). HSN in turn is a wholly owned subsidiary of Liberty Interactive Corporation, which also owns QVC, another home shopping and online retailer that makes billions of dollars in revenues.

20. Upon information and belief, Cornerstone had knowledge of, directed, controlled, approved and/or ratified the acts of infringement alleged herein.

21. In or about May of 2018, Gracie learned that Defendants were selling a product they called the "Charlize Handpainted Triptych," Item #154549 (the "Frontgate Infringing Product") for $1,449.00 plus shipping.

22. The Frontgate Infringing Product is substantially similar, indeed almost identical, to the Caroline Street Design. Among other things, the Frontgate Infringing Product includes a nearly identical white crane, two black and white birds perched in a nearly identical white flowering tree, and two other birds and three yellow butterflies with black-tipped wings flying

8

around them.  Like the Caroline Street Design, the Frontgate Infringing Product also features a pale blue background.

23.     Defendants have advertised the Frontgate Infringing Product for sale, including but not limited to on Frontgate's website and on its company Instagram (@frontgate), as pictured below.







24.     Defendants also have posted images of the Frontgate Infringing Product and promoted the unauthorized product for sale on various social media sites including but not limited to Pinterest at https://www.pinterest.ch/pin/110267890857965927/.

25.     Upon information and belief, Defendants also directed and/or approved advertising the Frontgate Infringing Product on the Instagram account (@brightonkeller) and website (https://www.brightontheday.com/living-room-update-sectional/) of Brighton Keller. Ms. Keller is a beauty, lifestyle and fashion blogger based in Dallas, TX, who has over 307,000

11

Instagram followers.  In or about May of 2018, Ms. Keller posted the following, including a link to purchase the Frontgate Infringing Product:





The Blank Wall

So now let's talk about behind the couch. There's this HUGE blank wall that I've been excited about for quite some time. I've known it was going to live behind the couch, so I wanted something statement-y to be there. I was going to do floor-to-ceiling hand-painted panels in this pretty neutral gray color (which would be crazy expensive) OR was considering saving money and framing a "printed" (rather than hand-painted) mural that looked like this (which I'm still obsessed with actually).

But THEN I stumbled upon these blue hand-painted triptyich ones from Front Gate and FELL in love with everything about them. And then Lisel and I held them up and felt like they were meant to be in this room. I love how the blue adds another hue and ANCHORS the entire living space. Now I'm just thinking I need to tie in the blue somewhere else in the room to make it all "work".

As of the date of the filing of this Complaint, this post remains on Ms. Keller's website.

12

**Defendants Have Removed the Frontgate Infringing Product from Frontgate's Website in an Effort to Mitigate Liability**

26. Defendants did not have any permission or authority from Gracie to copy, produce, display, market, sell, distribute or produce a derivative work based upon the Caroline Street Design.

27. On or about May 7, 2018, through counsel, Gracie informed Frontgate and Cornerstone of their infringement on Gracie's rights in and to the Caroline Street Design and demanded that Frontgate and Cornerstone cease and desist from any further use of the Caroline Street Design.

28. On or about July 15, 2018, through counsel, Frontgate and Cornerstone informed Gracie that they did not believe that they were infringing on any of Gracie's rights, that they did not "believe there was any cause for concern associated with Frontgate's continued advertising and sale" of the Frontgate Infringing Product, that they "therefore consider[ed] this matter closed," and that they would "vigorously defend [their] rights" if Gracie took further action.

29. Upon information and belief, in response to the notification received from Gracie's counsel, Defendants updated Frontgate's website so that while it continues to display the Frontgate Infringing Product, the website now indicates that "This product is no longer available," as shown below:



Defendants, however, have not indicated that they will refrain from continuing to display, market and sell the Frontgate Infringing Product. Nor have they offered to compensate Gracie in any way for their infringement of Gracie's rights. Nor have they taken any steps to remove the images of the Frontgate Infringing Product from Frontgate's website, Internet search results, social media or third-party websites.

## CLAIM FOR COPYRIGHT INFRINGEMENT

31. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. The Caroline Street Design is an original work of authorship, fixed in a tangible medium of expression, containing substantial amounts of original creativity, and is therefore a copyrightable work under the Copyright Act.

33. Defendants have never been licensed or otherwise authorized to reproduce, sell, display, distribute, produce derivative works based upon or otherwise use the Caroline Street Design.

34. The acts of the Defendants constitute infringements of Gracie's copyright and exclusive rights under copyright in the Caroline Street Design in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

35. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Gracie's rights.

36. As a direct and proximate result of Defendants' foregoing acts, Gracie is entitled to actual damages and disgorgement of the Defendants' profits pursuant to 17 U.S.C. § 504(b).

37. Alternatively, Plaintiff is entitled to statutory damages of up to $150,000 per work infringed for Defendant's willful infringement of the Caroline Street Design, pursuant to 17 U.S.C. § 504(c).

38. Plaintiff is further entitled to its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

39. Defendants' conduct as described above is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law and is entitled to an injunction pursuant to 17 U.S.C. § 502, prohibiting further infringement of its exclusive rights under copyright.

**WHEREFORE**, Plaintiff demands judgment as follows:

1. That Defendants be adjudged to have infringed upon Plaintiff's copyright in the Caroline Street Design in violation of 17 U.S.C §§ 106 and 501;

2. That Defendants be ordered to remove the Frontgate Infringing Product from Frontgate's website and all other media they own or control;

3. That Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendants' profits, gains or advantages of any kind attributable to Defendants' infringement of Plaintiff's Caroline Street Design; or (b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct;

5. That Plaintiff be awarded its costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: New York, New York
October 18, 2018

**VENABLE LLP**

By: ______________________
Jessie F. Beeber

Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, New York 10020
Tel: (212) 307-5500
Fax: (212) 307-5598

*Attorneys for Plaintiff Charles R. Gracie & Sons, Inc.*